UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CRIMINAL ACTION NO. 08-33-GFVT

UNITED STATES OF AMERICA,                                                              PLAINTIFF,

V.                              **MAGISTRATE JUDGE'S REPORT**
                                **& RECOMMENDATION**

JAMES WILLIAM THOMAS,                                                              DEFENDANT.

## I. INTRODUCTION

Defendant, James William Thomas, brings this action pursuant to 28 U.S.C. § 2255, seeking

to vacate, set aside, or correct his sentence in London Criminal Action No. 08-33-GFVT. [R. 60].

Consistent with local practice, this matter is before the undersigned for a report and recommendation

pursuant to 28 U.S.C. § 636(b)(1)(B). For the following reasons, the Court will recommend that the

Motion to Vacate, Set Aside, or Correct Sentence [R. 60] be denied.

## II. PROCEDURAL HISTORY

On April 24, 2008, Thomas was indicted on one count of "knowingly and intentionally

possess[ing] with intent to distribute 5 grams or more of a mixture or substance containing cocaine

base . . . in violation of 21 U.S.C. § 841(a)(1)." [R. 8]. He was re-arraigned on July 3, 2008, and

entered a plea of guilty to the charge  pursuant to a non-binding plea agreement. [R. 25]. He

appeared before the Court with counsel for sentencing on February 25, 2009, and was sentenced to

one hundred eighty (180) months incarceration. [R. 48].

Thomas filed a *pro se* motion for appointment of counsel to pursue an appeal [R. 49] and also

filed a *pro se* notice of appeal on August 7, 2009 [R. 50]. His appeal was dismissed as untimely on

November 16, 2009 [R. 58]. In its Order ruling on his Petition for Rehearing, the Sixth Circuit stated: "Thomas asserts that he asked counsel to file a notice of appeal, but counsel failed to do so. Such assertion, if proven may be grounds for relief in a motion to vacate under 28 U.S.C. § 2255. (citations omitted) Thomas should note that there is a one-year statute of limitations for filing a § 2255 motion and that his conviction became final for purposes of timely pursuing a § 2255 relief ten days after it was entered." [R. 69, Ex. 1].

On November 19, 2010, Thomas filed the instant Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. [R. 60]. As grounds, he alleges various grounds of constitutionally ineffective assistance of trial counsel. [R. 60]. By response, the United States argues that Thomas has failed to demonstrate that he is entitled to relief in this matter. Simply, the United States argues, and Thomas concedes, that this habeas matter filed under 28 U.S.C. § 2255, is untimely. [R. 69, 73]. Further, the United States argues that Thomas' arguments are simply unsupported and are in fact, contrary to the record. [R. 69]. The parties having briefed the relevant issues, the matter is ripe for review.

### III. STATUTE OF LIMITATIONS

28 U.S.C. § 2255(f)(1) provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and

made retroactively applicable to cases on collateral review; or

      (4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

In the instant action, the controlling provision is paragraph 1, the date on which Thomas' judgment of conviction became final. Based on the law in effect at the time of sentencing, Thomas' judgment of conviction became final for statute of limitations purposes ten (10) days after it was entered. See Sanchez-Castellano v. United States, 358 F.3d 424, 428 (6th Cir. 2004). In the instant action, the Judgment was entered on March 3, 2009. [R. 48]. His conviction therefore became final for statute of limitations purposes on March 17, 2009, the expiration of time allowed for filing a notice of appeal before the Sixth Circuit Court of Appeals. Fed. R. App. P. 26(a)(when computing a period of less than 11 days, intermediate weekend days and holidays are excluded). As a result, the deadline within which Thomas' might timely have filed this action ran on March 17, 2010. 28 U.S.C. § 2255(f)(1). Thomas concedes that this action, having been filed on November 19, 2010, is untimely. [R. 73, p. 2].

## IV. EQUITABLE TOLLING

In his petition, Thomas does not explicitly ask this Court to apply the doctrine of equitable tolling. Nonetheless, as a *pro se* litigant, he is entitled to "the benefit of a liberal construction of [the] pleadings and filings." Boswell v. Mayer, 169 F.3d 384, 387 (6th Cir. 1999). Thomas presents no arguments in support of applying the doctrine of equitable tolling and, for the reasons discussed below, the Court finds that equitable tolling is not warranted and his motion should be dismissed.

The statute of limitations contained within 28 U.S.C. § 2255 is subject to equitable tolling. Dunlap v. United States, 250 F.3d 1001, 1004-09 (6th Cir. 2001). The Sixth Circuit considers the following factors in making the determination as to whether the doctrine of equitable tolling should

apply: (1) lack of notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence; (4) absence of prejudice to respondent; (5) the petitioner's reasonableness in remaining ignorant of the legal requirement to file the claim. Dunlap, 250 F.3d at 1008; Allen v. Yukins, 366 F.3d 396, 401 (6th Cir. 2004).

Courts have cautioned that equitable tolling should be applied "sparingly" and only when the failure to file a timely motion "arose from circumstances beyond that litigant's control." Jurado v. Burt, 337 F.ed 638, 642 (6 th Cir. 2003); Dunlap, 250 F.3d at 1008 - 09. "Ultimately, the decision on whether to equitably toll a period of limitations must be made on a case-by-case basis." Harvey v. Jones, 179 Fed. Appx. 294, 299 (6th Cir. 2006) (citations omitted).

Here, Petitioner has not met his "burden of demonstrating that he is entitled to equitable tolling." Allen, 366 F.3d at 401. The record in this action reflects that Thomas had actual notice of the filing requirement and failed to diligently pursue his only remaining avenue of relief. First, in its Order denying his Petition for Rehearing, the Sixth Circuit cautioned Thomas that ". . . there is a one-year statute of limitations for filing a § 2255 motion and that his conviction became final for purposes of timely pursuing a § 2255 relief ten days after it was entered." [R. 69, Ex. 1]. In addition, although Thomas alleges that trial counsel failed to file an appeal as directed, nowhere does he represent that he instructed counsel to pursue habeas relief. In fact Thomas admits that his Motion to Vacate is untimely, and he presents no argument to indicate that he was in any way diligently pursuing his right to file and litigate a Motion under § 2255. In light of the clear warning by the Sixth Circuit regarding his right to file a Motion to Vacate, Thomas cannot and has not presented any argument that he was somehow ignorant of the filing requirement and deadline. Finally, as it relates to the element of prejudice to the United States, "[p]rejudice may only be

considered if other factors of the test are met and therefore can only weigh in the government's favor." Dunlap, 250 F.3d at 1009. Here, Thomas meets none of the other factors considered in determining whether to apply the doctrine of equitable tolling, and the issue of prejudice to the United States will not weigh in his favor. Accordingly, the Court finds that the principles of equitable tolling are inapplicable under the present circumstances, and Thomas' Motion is time barred.

## V. CONCLUSION

For the reasons stated above, IT IS RECOMMENDED that Thomas' Motion to Vacate, Set Aside, or Correct Sentence [R. 60] be DENIED.

Specific objections to this Report and Recommendation must be filed within days (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995).

Signed October 6, 2011.

Signed By:

_Edward B. Atkins_ ℰβ𝒜

United States Magistrate Judge