UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Criminal No. 08-33-GFVT |
| V. | ) | |
| | ) | |
| JAMES WILLIAMS THOMAS, | ) | |
| | ) | **ORDER** |
| Defendant. | ) | |
| | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court upon the Defendant, James William Thomas', Motion pursuant to 28 U.S.C. § 2255, seeking to vacate, set aside, or correct his sentence. [R. 60.]  In accordance with local practice, this matter was referred to Magistrate Judge Edward B. Atkins for initial screening and preparation of a Report and Recommendation. Judge Atkins submitted his Recommended Disposition [R. 75] October 6, 2011 and therein recommends that Thomas' Motion be denied because Thomas' failed to file his action within the statute of limitations outlined in 28 U.S.C. § 2255(f)(1). [*Id.*]  Further, the doctrine of equitable tolling does not apply. [*Id.*]

After the Court granted Thomas' request for an extension to file his Objection, [R. 77] he timely filed it on November 22, 2011.[1]  [R. 78.]  Therein, Thomas takes issue with Judge Atkins' conclusion that his situation does not qualify for equitable tolling. [*Id.*]

---

[1] Actually, Thomas' Objection was postmarked on November 22; it was not filed until November 28, 2011. It is well established, however, that *pro se* prisoners enjoy a relaxed filing standard as a result of application of the mailbox rule.  *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) ("Under this filing standard, a pro se prisoner's complaint is deemed filed when it is handed over to prison officials for mailing to the court.")

1

His objection triggers this Court's duty to conduct a *de novo* review. *See* 28 U.S.C. § 636(b)(1)(C). By reviewing the entire record, including the pleadings, the parties' arguments, relevant case law, statutory authority, and procedural rules, the Court has satisfied that obligation. For the following reasons, Thomas' Objection will be overruled and his Motion denied.

### I.

Judge Atkins' Recommended Disposition accurately lays out the factual and procedural background of the case; the applicable statute of limitations, 28 U.S.C. § 2255(f)(1), relevant for granting habeas relief pursuant to 28 U.S.C. § 2255; and the equitable tolling doctrine. Besides what the Court augments in its discussion below, it has nothing to add and therefore incorporates Judge Atkins' discussion of the record, the statute of limitations, and equitable tolling doctrine into this order.

### II.

As a general rule, the Court must review Thomas' pleadings under a standard that is more lenient than the one applied to attorneys because he is proceeding *pro se*. In this circuit, allegations in a *pro se* complaint, "however inartfully pleaded," are entitled to a "liberal construction" that requires "active interpretation in some cases to construe a pro se petition to encompass any allegation stating federal relief." *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985).

### III.

Review of Thomas' objection makes clear his demur to the Magistrate's finding that the one-year statute of limitations found in § 2255(f)(1) applies to his Motion. According to § 2255(f)(1), the one-year limitations period began running on "the date on

2

which the judgment of conviction bec[ame] final…" As explained by Judge Atkins, "…Thomas' judgment of conviction became final for statute of limitations purposes ten (10) days after it was entered." *See also Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004). Judgment against Thomas was entered on March 3, 2009, and his conviction therefore became final for statute of limitations purposes on March 17, 2009.[2] Hence, the limitations period ran on March 17, 2010, approximately eight months before Thomas' filed his action seeking to vacate.

To his credit, Thomas concedes in his objection that his action is untimely, but more specifically takes issue with Judge Atkins' conclusion that the doctrine of equitable tolling did not suspend the running of the limitations period. This circuit considers the following factors in determining whether the doctrine should be used: (1) lack of notice of the filing requirements; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to respondent; (5) the petitioner's reasonableness in remaining ignorant of the legal requirement to file the claim. *Dunlap v. United States*, 250 F.3d 1001, 1004-09 (6th Cir. 2001).

Thomas did not put forth any arguments in his Motion to vacate asking the Court to apply the doctrine. [*See* R. 60, R. 73.] "Nevertheless…a *pro se* litigant…is entitled to 'the benefit of a liberal construction of [the] pleadings and the filings,'" [R. 75 (quoting *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999)] and therefore, Judge Atkins engaged in the analysis. Only after Judge Atkins opined in his Recommended Disposition about the non-existence of those factors, did Thomas articulate the presence of three of those factors.

---

[2] When computing a period of less than 11 days, intermediate weekends and holidays are excluded. Fed. R. App. P. 26(a) Cmt. Notes, 2002 Amends., Subdivision (a)(2).

3

According to his understanding of the factors, Thomas contends: (1) that he lacked constructive knowledge of the filing requirement because of his lack of legal knowledge; (2) that he exhibited diligence by asking for appointment of counsel to file a notice of appeal on his behalf as soon as he was "out of transit"; and (5) that his reasonableness in remaining ignorant of the legal requirement was displayed by his filing of an incomplete brief, which was only later supplemented with a more complete motion. [*See* R. 78.]

Judge Atkins' expertly discusses the doctrine and the Court agrees with the Magistrate Judge that equitable tolling should not be applied in Thomas' case. There is little revealed substantively in Thomas' objection that can be used to overcome his "burden of demonstrating he is entitled to equitable tolling." *Allen v. Yukins*, 366 F.3d 401 (6th Cir. 2004). For instance, Thomas contends that he lacked constructive knowledge, but fails to explain away the actual notice he received. As noted in the Magistrate Judge's report, the Sixth Circuit notified Thomas about the one-year statute of limitations pertaining to his Motion. [R. 75.] Moreover, Thomas does not suggest he could not comprehend the court's order; in fact, he refers to language within it in his Objection. [*See* R. 78.]

Further, Thomas misapplies the "diligence" factor to his circumstances. The Court does not doubt the sincerity of his attempt, "[o]nce out of transit," to receive "appointment of counsel to file a direct appeal." [R. 78.] In fact, his efforts are well-documented; a quick glimpse at the case docket shows that on May 8, 2009 he filed a motion seeking such appointment. [R. 49.] But that effort was not in pursuit of his motion to vacate under § 2255 to which the factors apply. For that, unfortunately, he

provides no evidence or argument.

As to his argument about the "reasonableness [of his] remaining ignorant of the legal requirement to file [his] claim," *Dunlap*, 250 F.3d at 1008, he merely relates to the Court the Sixth Circuit's dictum informing him of the merits of a motion to vacate. In no way, however, does his recounting of the Sixth Circuit's order prove the reasonableness of his unawareness of the requirement to file the motion within a year. On the contrary, it evinces the unreasonableness of his claim, considering that in that same order he was notified about the one-year statute of limitations. [R. 69-1.]

For the reasons cited in Judge Atkins' Report and Recommendation and those outlined above, the Court will reject Thomas' claim for equitable tolling.

IV.

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

(1)   The Petitioner's Objection to the Magistrate Judge's Report and Recommendation [R. 78] is **OVERRULED**;

(2)   The Magistrate Judge's Report and Recommendation [R. 75] is **ADOPTED** as and for the opinion of this Court; and

(3)   The Petitioner's Motion to Vacate, Set Aside, or Correct Sentence [R. 60] is **DENIED**.

This 31st day of January, 2012.



Signed By:
*Gregory F. Van Tatenhove*
United States District Judge