UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

CRIMINAL CASE NO. 08-33-GFVT-CJS
CIVIL CASE NO. 16-262-GFVT-CJS

UNITED STATES OF AMERICA                                                                   PLAINTIFF

v.                              **REPORT AND RECOMMENDATION**

JAMES WILLIAM THOMAS                                                                        DEFENDANT

\* \* \* \* \* \* \* \* \* \* \*

James William Thomas, *pro se*, has filed a Motion To Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (R. 99). He raises two claims: (1) he is no longer a career offender under the United States Sentencing Guidelines, USSG § 4B1.1, in light of *United States v. Johnson*, 135 S. Ct. 2551 (2015); and (2) his Tennessee-aggravated-assault conviction no longer qualifies as a predicate offense for his career-offender designation. (*See* R. 99, Page ID 549). For the reasons set forth below, Thomas's § 2255 motion should be denied.

**I.      FACTUAL AND PROCEDURAL HISTORY**

Thomas pled guilty to possession with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 851. (R. 48). He was initially sentenced to 180 months in prison (*id.*); however, the presiding District Judge recently reduced his prison sentence to time served (approximately 133 months) under the First Step Act of 2018, to be followed by eight years of supervised release (R. 109, Page ID 596; R. 110). The Sixth Circuit dismissed Thomas's direct appeal *sua sponte* as untimely filed. (R. 58, Page ID 154).

In 2010, Thomas filed a § 2255 motion (supplemented multiple times) raising a variety of claims. (R. 60, 62, 63, 64). Magistrate Judge Edward Atkins recommended that Thomas's § 2255 motion be denied as time-barred as it was filed outside of the one-year limitations period provided under 28 U.S.C. § 2255(f)(1). (R. 75). The presiding District Judge adopted the Magistrate Judge's report and recommendation over Thomas's objections (R. 78) and denied the § 2255 motion (R. 79). The Sixth Circuit declined to issue a certificate of appealability. (R. 89).

Thomas sought and obtained permission from the Sixth Circuit to file a second or successive motion to vacate.[1] (R. 97). The United States argues that the Supreme Court's opinion in *Beckles v. United States,* 137 S. Ct. 886 (2017), forecloses Thomas's *Johnson* argument. However, the United States does not address his claim that the Tennessee-aggravated-assault conviction cannot serve as a career-offender predicate conviction.

## II.   STANDARD OF REVIEW

Under § 2255, a federal prisoner may seek habeas relief on grounds that his conviction or sentence violated the Constitution or laws of the United States, that the court was without jurisdiction to impose the sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a). To succeed on a § 2255 motion alleging constitutional error, a federal prisoner "must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the

---

[1] In granting the motion, the Sixth Circuit specifically mentioned Thomas's *Johnson* claim (first claim) but not his claim attacking his Tennessee-aggravated-assault conviction as a career-offender predicate (second claim). This Court construes the grant of Thomas's motion to file a second or successive motion to vacate as extending to both claims. However, the Court notes that Thomas's second claim would not appear to meet the requirements for filing a second or successive motion, which requires (1) newly discovery evidence or (2) a new retroactive rule of constitutional law. *See* § 2255(h).

proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)). To obtain relief under § 2255 for a non-constitutional error, a federal prisoner must establish either a fundamental defect in the criminal proceedings which inherently resulted in a complete miscarriage of justice, or an error so egregious that it amounts to a violation of due process. *See Riggs v. United States*, 209 F.3d 828, 831 (6th Cir. 2000), *recognized as abrogated on other grounds by Kumar v. United States*, 163 F. App'x 361, 366 (6th Cir. 2006); *see also McNeal v. United States*, 17 F. App'x 258, 260-61 (6th Cir. 2001). Therefore, a federal prisoner must allege in his § 2255 motion that: (1) his conviction was the result of an error of constitutional magnitude; (2) his sentence was imposed outside of statutory limits; or (3) there was an error of law or fact so fundamental as to render the proceedings invalid. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (citing *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)). Lastly, a federal prisoner must prove his allegations by a preponderance of the evidence. *Pough*, 442 F.3d at 964.

### III.   ANALYSIS

#### A.   Application of *Johnson*

In *Johnson*, the Supreme Court held the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), to be unconstitutionally vague. *Johnson v. United States*, 135 S. Ct. 2551, 2560-63 (2015). At the time Thomas was sentenced, USSG § 4B1.2(a) (2007) contained an identically-worded residual clause. Accordingly, Thomas reasons that the residual clause of the Sentencing Guidelines is likewise unconstitutionally vague. (*See* R. 99, Page ID 549). However, although the residual clauses are the same, the constitutional implications are not.

This is revealed by Supreme Court authority arising after Thomas asserted this claim. In *Beckles v. United States*, 137 S. Ct. 886, 895 (2017), the Supreme Court held that "the advisory

Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and that § 4B1.2(a)'s residual clause is not void for vagueness." Accordingly, Thomas's career-offender designation is not impacted by *Johnson*.

> **B.     Tennessee's Aggravated Assault Statute**

Relying on legal authority arising after his sentence, primarily *Mathis v. United States*, 136 S. Ct. 2243 (2016), Thomas next argues that his Tennessee-aggravated-assault conviction no longer qualifies as a predicate offense for his career-offender designation. (*See* R. 99, Page ID 549; R. 104, Page ID 563). This claim fails for two reasons.

First, it is not timely. As noted above, a federal prisoner must file for relief under § 2255(f)(1) within one year of his conviction. This claim was filed well after the statutory period had expired, and Thomas has not met his burden of showing that the time limit should be equitably tolled.[2]

Second, this claim does not warrant § 2255 review because recent caselaw from the Sixth Circuit establishes that a federal prisoner's attack on his career-offender designation is non-cognizable. *See Snider v. United States*, 908 F.3d 183, 189 (6th Cir. 2018), *cert. denied*, 139 S. Ct. 1573 (2019) ("[Federal prisoner's] non-constitutional challenge to his advisory guidelines range suffers from a greater defect: it is not cognizable under § 2255."); *see also Bullard v. United States*, No. 17-3731, 2019 WL 4180407, at *1 (6th Cir. Sept. 4, 2019) (concluding that federal prisoner's claim in "a § 2255 habeas petition, arguing that the district court misclassified him as a

---

[2.] To the extent that Thomas would seek to argue it, *Mathis* did not announce a new retroactive rule of constitutional law so as to timely bring this claim under § 2255(f)(3). *See Dean v. United States*, No. 3:08-CR-19-CRS, 2017 WL 9808766, at *3 (W.D. Ky. Sept. 19, 2017), *report and recommendation adopted*, No. 3:08-CR-19-CRS, 2018 WL 3350403 (W.D. Ky. July 9, 2018), *certificate of appealability denied*, No. 18-5964, 2019 WL 4391456 (6th Cir. Jan. 18, 2019).

career offender, which resulted in a higher recommended sentence" was "not a cognizable claim on collateral review").[3]

### C. Evidentiary Hearing

Thomas requests an evidentiary hearing. (R. 104, Page ID 564). However, no hearing is necessary "where the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)). Here, the briefs on Thomas's § 2255 motion, along with the record in this case, conclusively show that he is not entitled to relief. *See Carson v. United States*, 3 F. App'x 321, 324 (6th Cir. 2001) (concluding that no evidentiary hearing was warranted where federal prisoner's claims were "clearly without merit").

## IV. CERTIFICATE OF APPEALABILITY

Under Rule 11 of the Federal Rules Governing § 2255 Proceedings, the district court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to the applicant. A COA may issue only if a federal prisoner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (addressing issuance of a certificate of appealability in the

---

[3.] Thomas appears to rely on *Peugh v. United States*, 569 U.S. 530 (2013) in support of his claim. (R. 104, Page ID 563). In *Peugh*, the Supreme Court held that the Ex Post Facto Clause is violated "when a defendant is sentenced under Guidelines promulgated after he committed his criminal acts and the new version provides a higher applicable Guidelines sentencing range than the version in place at the time of the offense." *Id.* at 533. This case is factually and legally distinct and has no bearing on Thomas's claim. But assuming that *Peugh* was pertinent, the claim is still time-barred.

context of a habeas petition filed under 28 U.S.C. § 2254, which legal reasoning applies with equal force to motions to vacate brought pursuant to § 2255). In cases where a district court has rejected a federal prisoner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. "When the district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists would not debate the denial of the Thomas's § 2255 Motion or conclude that the issues presented are adequate to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it will be further recommended that a COA be **denied** upon the District Court's entry of its final order in this matter.

V.     **CONCLUSION AND RECOMMENDATIONS**

For the reasons stated above, **IT IS RECOMMENDED** that:

1) Thomas's Motion To Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. § 2255 (R. 99) be **denied;**

2) Thomas's request for an evidentiary hearing be **denied;**

3) A Certificate of Appealability be **denied** by the District Court in conjunction with the Court's entry of its final order in this matter; and,

4) This action be **stricken** from the active docket of this Court.

The parties are directed to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Report and Recommendation, issued under subsection (B) of the statute. *See also* Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 8(b).

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Judge. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Judge and Sixth Circuit Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

Dated this 31st day of October, 2019.



Signed By:
*Candace J. Smith*
United States Magistrate Judge

J:\DATA\habeas petitions\2255 R&R general\08-33-GFVT Thomas R&R final.docx