UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff/Respondent, ) <br> ) <br> V. ) <br> ) <br> JAMES WILLIAM THOMAS, ) <br> ) <br> Defendant/Petitioner. ) | Crim No.: 6:08-cr-00033-GFVT-CJS-1 <br> Civil No.: 6:16-cv-00262-GFVT-CJS <br><br> **ORDER** |

*** *** *** ***

This matter is before the Court a Recommended Disposition filed by the United States Magistrate Judge Candace J. Smith. [R. 112.] The Defendant, James William Thomas, first filed a *pro se* motion to vacate his sentence pursuant to 28 U.S.C. § 2255. [R. 99.] Mr. Thomas raises two claims: (1) he is no longer a career offender under the Sentencing Guidelines in light of *United States v. Johnson*, 135 S. Ct. 2551 (2015); and (2) his aggravated assault conviction from Tennessee state court no longer qualifies as a predicate offense for his career-offender designation. *Id.* Consistent with local practice, Judge Smith reviewed the motion and prepared a Recommended Disposition. [R. 112.]

After considering the record, Judge Smith determined that Mr. Thomas is not entitled to relief under 28 U.S.C. § 2255. In 2015, the Supreme Court decided *United States v. Johnson*, which held that the residual clause of the Armed Career Criminal Act was unconstitutionally vague. 135 S. Ct. 2551, 2560-63 (2015). Mr. Thomas argues that this means sentencing guideline § 4B1.2(a), which contains language identical to the defunct residual clause and under which Mr. Vaughn was sentenced, is likewise unconstitutionally vague. However, the Supreme Court held in *Beckles* that "the advisory sentencing guidelines are not subject to a vagueness

challenge under the Due Process Clause." *Beckles v. United States*, 137 S. Ct. 886, 895 (2017). Judge Smith also recommended this Court deny a certificate of appealability. In light of the clear holding in *Beckles*, no reasonable jurist would find it debatable whether Mr. Ward's petition states a valid claim for the denial of a constitutional right. Finally, as Judge Smith noted, the remainder of Mr. Vaughn's arguments are untimely filed. *Johnson v. United States*, 457 F. App'x 462, 464 (6th Cir. 2012) (one-year limitations period applies to § 2255 motion). Mr. Vaughn's one-year window in which he could timely file a § 2255 petition began in January 2010, but he did not file the instant petition until June 2016.

Mr. Thomas next argues that his conviction for aggravated assault no longer qualifies as a predicate offense for his career offender designation. Mr. Thomas relies on *Mathis v. United States*, 136 S. Ct. 2243 (2016), which held that Mathis was improperly sentenced under the Armed Career Criminal Act based on a prior conviction for burglary from Iowa. Judge Smith likewise concluded that Mr. Thomas was not entitled to relief in light of *Mathis* for two reasons. First, Mr. Thomas's claim was not timely filed. Despite the fact that *Mathis* was not decided until 2016, approximately seven years after Mr. Thomas entered his guilty plea, *Mathis* did not announce a retroactive rule of constitutional law. *See Dean v. United States*, No. 3:08-cr-19-crs, 2017 WL 9808766 at *3 (W.D. Ky. Sept. 19, 2017). Second, caselaw from the Sixth Circuit prevents a defendant from attacking his career-offender designation by way of a § 2255 motion. *See Snider v. United States*, 908 F.3d 183, 189 (6th Cir. 2018), *cert. denied*, 139 S. Ct. 1573 (2019) (non-constitutional challenges not cognizable under § 2255).

Lastly, Mr. Thomas requests an evidentiary hearing. However, the undersigned agrees with Judge Smith that no hearing is necessary. As is evident from the record, Mr. Thomas's § 2255 motion is clearly without merit.

Generally, this Court must make a *de novo* determination of those portions of a recommended disposition to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, however, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard . . . ." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Parties who fail to object to a Magistrate's Report and Recommendation are also barred from appealing a district court's order adopting that Report and Recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, this Court has considered the record, and it ultimately agrees with the Magistrate Judge's recommendation. Furthermore, the Court declines to issue a certificate of appealability. The Court determines that reasonable jurists would not find the denial of Mr. Thomas's § 2255 motion debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED**:

1. Judge Candace J. Smith's Report and Recommendation [**R. 112**] as to James William Thomas is **ADOPTED** and for the Opinion of the Court;

2. Mr. Thomas's Petition for habeas corpus relief pursuant to § 2255 [**R. 99**] is **DENIED**;

3. Mr. Thomas's request for an evidentiary hearing **[R. 104]** is **DENIED**;

4. A Certificate of Appealability is **DENIED** as to all issues raised by the Defendant; and

5. **JUDGMENT** in favor of the United States will be entered contemporaneously herewith.

This the 9th day of December, 2019.

Gregory F. Van Tatenhove
United States District Judge